Cavanagh, J.
(dissenting). The majority holds that the residential builders act (rba), MCL 339.2401 et seq., bars an unlicensed builder from seeking compensation under a contract for both labor and supplies because a license is required for the labor component. Because I would hold that such a contract may be bifurcated into separate labor and supply components under the rba, so that an unlicensed builder may recover for the supply costs, I respectfully dissent.
Section 2412(1) of the rba states:
A person or qualifying officer for a corporation . . . shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.
The RBA requires that a residential builder be licensed; however, the definition of a residential builder does not include supplying duties, as the *680 majority notes. Thus, a license is required to install, but not to supply.
Defendant, known by plaintiff to be an unlicensed builder, contracted with plaintiffs to “supply and install” a slate roof.[1] The majority asserts that because a license was required for the installation duty of the contract, defendant may not recover for performing its duty as a supplier. Although § 2412 looks for the “performance of an act or contract” that requires a license, I cannot agree that the entire contract qualifies as one requiring a license.
The contract expressly imposed two separate duties on defendant: to “supply and install” the slate. According to the majority, the installation duty, which requires a license, prevails over the supply duty, which does not require a license. Reading the contract as the majority does effectively requires an unlicensed builder who has contracted to supply materials in a single contract (in which he has also agreed *681 to install those supplies) to have a license to supply. The rba does not provide for such a result. Rather, the act does allow bifurcating the labor and supply components of a single contract by barring lawsuits for compensation of a contract that requires a license. The bar, therefore, is expressly limited to lawsuits involving a contract that provides for the specific acts that require a license under the RBA, i.e., installing. I cannot agree that including both an installation and supply duty into one document extends the license requirement necessary to perform the installation duty to the supply duty, thus, generating an unenforceable document. The result of such a holding requires this unlicensed builder to create a separate supply contract, stating the same information already repeated in a “supply and install” contract, but limited to those duties relevant to supplying. In other words, the majority’s holding mandates bifurcation.
My position is supported not only by a plain reading of the rba, but also by traditional contract principles.
Under the occupational code, engaging in a licensed activity without a license is a misdemeanor, thus, making the installation part of the contract in this case illegal.[2] The general rule is that severance of *682 an illegal provision of a contract is warranted and the lawful portion of the agreement is enforceable when the illegal provision is not central to the parties’ agreement and the illegal provision does not involve serious moral turpitude, unless such a result is prohibited by statute. See 2 Restatement Contracts, § 603, pp 1119-1120; Calamari & Perillo, Contracts, 3d, § 22-6.
As noted, I cannot agree that the rba prohibits severance. Moreover, in my view, the illegal provision, providing for defendant to engage in the separate duty of installation, is not central to the parties’ agreement that the defendant “supply and install” a slate roof. The legal provision, defendant engaging in the separate duty of supplying, is clearly an entirely different component of the contract, therefore, warranting its enforcement.
For the above reasons, I would hold that defendant was only barred from the breach of contract suit seeking compensation for the installation services and allow defendant’s suit for supply costs. Accordingly, I would conclude that the trial court erred in summarily disposing of defendant’s entire breach of contract action.

 A strong argument can be made that under this contract, plaintiffs were the property owners and the general contractors with defendant as the subcontractor. As the defendant pointed out in its supplemental brief, plaintiffs clearly requested defendant to return to the job, plaintiffs listed defendant as a subcontractor, and plaintiffs supervised over $700,000 worth of contracts. This would exempt defendant from the license requirement under MCL 339.2403(b), which provides:
Notwithstanding article 6, a person may engage in the business of or act in the capacity of a residential builder or a residential maintenance and alteration contractor or salesperson in this state without having a license, if the person is 1 of the following:
* ** *
(b) An owner of property, with reference to a structure on the property for the owner’s use and occupancy.
Because I conclude that the contract is severable, however, I do not rest on this argument.

 MCL 339.601(1) states:
A person shall not engage in or attempt to engage in the practice of an occupation regulated under this act or use a title designated in this act unless the person possesses a license or registration issued by the department for the occupation.
MCL 339.601(3) describes the penalty for such a violation:
A person, school, or institution which violates subsection (1) or (2) is guilty of a misdemeanor, punishable by a fine of not more than $500.00, or imprisonment for not more than 90 days, or both.